IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY**<br>**231 ST. ASAPH'S ROAD, SUITE 100**<br>**BALA CYNWYD, PA 19004-0950**<br><br>           **Plaintiff**<br>    v.<br><br>**ERIN WEINER**<br>**37 FLORENCE TOLLGATE PLACE, UNIT 5**<br>**FLORENCE, NJ 08518**<br><br>           **Defendant** | **CIVIL ACTION**<br><br>**NO.**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Philadelphia Indemnity Insurance Company ("PIIC" or "Plaintiff"), by and through its undersigned counsel, demands judgment against defendant Erin Weiner and complains against her as follows:

## PARTIES

1. PIIC is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 231 St. Asaph's Road, Suite 100, Bala Cynwyd, PA 19004. At all times relevant hereto, PIIC was duly authorized to engage in the business of insurance in the State of New Jersey.

2. At all times relevant hereto, PIIC provided property insurance to Florence Tollgate Condominium ("Florence Tollgate" or "Subrogor") in connection with its property located at 37 Florence Tollgate Place, Florence, NJ 08518 (the "subject property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

3. In the wake of the incident described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), PIIC became subrogated to certain recovery rights and interests of Subrogor for monies paid thereunder, including the claims giving rise to this action.

4. Defendant Erin Weiner ("Defendant" or "Weiner") is an adult individual and citizen of New Jersey who resides at 37 Florence Tollgate Place, Unit 5, Florence, NJ 08518.

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this district based on 28 U.S.C. § 1391(b)(1) and (2) in that Defendant resides in this district and the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

7. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

8. On or about October 9, 2022, Weiner was smoking on the balcony of Unit 5 at the subject property and extinguished a cigarette and/or other smoking materials on the balcony.

9. On or about October 9, 2022, a fire erupted at the subject property and caused substantial loss of and damage to the subject property, as well as the imposition of other expenses besides.

10. The investigation as to the fire's origin and cause revealed that the fire was the result of Weiner's negligent and careless use and/or disposal of smoking materials at the subject property.

11. As a direct result of the fire, Subrogor sustained extensive and severe damage to its real property. PIIC became subrogated to the rights, claims and interests of Subrogor for any monies paid thereunder, including the claims giving rise to this action.

12. The damages sustained by Subrogor and, therefore, Plaintiff are the direct and proximate result of the negligent conduct of Defendant.

## **FIRST COUNT – NEGLIGENCE**

13. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

14. Weiner owed Subrogor a duty of care to refrain from engaging in conduct that created a foreseeable likelihood of harm to Subrogor's property and the imposition of other expenses besides.

15. Weiner knew or should have known that careless use and/or disposal of smoking materials would place Subrogor and others similarly situated in risk of foreseeable harm.

16. The aforementioned damages were the direct and proximate result of the negligence, carelessness, recklessness and/or other liability-producing conduct of Weiner, including negligent acts and/or omissions, more specifically described as follows:

   a. Carelessly using cigarettes and/or smoking materials;
   b. Carelessly discarding cigarettes and/or smoking materials;
   c. Failing to properly extinguish the cigarettes and/or smoking materials;
   d. Failing to exercise the reasonable care owed to Subrogor; and/or
   e. Otherwise acting negligently and carelessly under the circumstances.

17. Weiner's negligent and other unlawful actions were the direct and proximate cause of the damages sustained by Subrogor and, therefore, Plaintiff.

18. As a direct and proximate result of such conduct, Subrogor sustained and incurred damage to real and personal property in an amount in excess of $75,000.00. As set forth above, Plaintiff is subrogated to Subrogor's right of recovery.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, interest, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

    Respectfully submitted,

    **de LUCA LEVINE LLC**

By: /s/ *Jeffrey M. Zielinski*
    Jeffrey M. Zielinski
    Thaddeus S. Kirk
    301 East Germantown Pike, 3rd Floor
    East Norriton, PA 19401
    Phone: 215-383-0081
    Fax: 215-383-0082
    Jzielinski@delucalevine.com
    Tkirk@delucalevine.com
    Attorneys for Plaintiff

Dated: August 14, 2023